[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court is plaintiff's request for declaratory relief. Jurisdiction in this Court is pursuant to G.L. 1956 (1985 Reenactment) § 9-30-1 and § 9-30-2.
Facts and Travel
This case arises out of an automobile accident which occurred on December 10, 1988 in the Town of Scituate. The plaintiff, Lisa Crowley ("plaintiff") was a passenger in a car driven by Robin Kirk. The car had been leased to a William Greta by Avis Rent-A-Car. As a result of the accident, the plaintiff suffered head injuries, a fractured jaw, and had to be hospitalized.
At the time of the accident, the plaintiff had no medical coverage. The medical bills were paid, in part, by the defendant, Rhode Island Department of Human Services ("DHS"). DHS paid $10,578.15 towards plaintiff's medical expenses. In filing for medical assistance, the plaintiff assigned to DHS her right to recovery against third parties responsible for her injuries. (Exhibit A).
The plaintiff instituted two law suits to collect damages as a result of the accident. Both suits were settled. The plaintiff received $50,000, the policy limit, from Nationwide Insurance Company, her uninsured motorist policy insurer. Additionally, the plaintiff settled for $25,000, the available policy limit, with Avis Rent-A-Car. The plaintiff has placed $10,578.15 in escrow pending the outcome of this litigation.
On June 23, 1993, the plaintiff filed the instant action seeking declaratory relief. The plaintiff contends that she has not been fully compensated for her injuries and thus should not be required to reimburse DHS. Alternatively, the plaintiff asks that DHS be required to deduct a pro rata share of attorneys' fees and costs from their lien. In contrast, DHS argues that it should not be required to compromise its claim for reimbursement. Further, DHS contends that the plaintiff has failed to demonstrate that equity requires the attorneys' fees and costs be shared.
General Laws 1956 (1990) Reenactment § 40-6-9(c) provides in pertinent part:
. . . an applicant for or a recipient of financial assistance provided by the department . . . whenever assistance is necessary by reason of accident, injury, or illness for which a third party may be liable . . . shall be deemed, without the necessity of signing any document, to have assigned to the department of human services, from amounts recovered or recoverable from any third party, an amount of money equal to the amount of financial assistance provided as a result of the accident, illness, or injury.
G.L. 1956 (1990 Reenactment) § 40-6-9(c). Generally, an assignment agreement, such as operates in this case, is viewed as a subrogation of the plaintiff's right to recover in favor of DHS. United States Investment and Development Corp. v. DHS,606 A.2d 1314, 1317 (R.I. 1992).
Both parties rely on the recent Rhode Island Supreme Court case United States Investment and Development Corp. v. DHS. InUnited States Investment, the Court found that in certain circumstances "it would be inequitable and unjust to require [a subrogor] to incur expenses for the recovery of money which will inure to the benefit of the [subrogee] without allowing [the subrogor] some reimbursement." Id. at 1317. The Court remanded the case for a determination of whether DHS would be required to contribute to the injured party's attorneys' fees and costs and, if so, in what amount. Id. at 1318.
This Court is mindful that the plaintiff bears the burden of showing that the assessment of a pro rata share is equitable and that recovery costs are justified. Id. After reviewing the evidence and listening to the testimony of the parties, this Court finds that plaintiff has not met her burden and that equity does not require the apportionment of attorneys' fees on the facts of this case. DHS was never made a party to the negotiations or settlement and, therefore, was not given an opportunity to protect its interests in the claims. Further, plaintiff's tactic of attempting to have DHS compromise its claim rather than utilizing the DHS mechanism for apportioning attorneys' fees was unreasonable and DHS should not be responsible for such fees. This Court is satisfied that in view of all the circumstances, DHS is not obligated to compromise its claim under § 40-6-9(c) and is not responsible for plaintiff's attorneys' fees and costs of settlement.
Counsel shall prepare an appropriate judgment for entry.